UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERRY L. MCGLONE, II,<br>　　　Plaintiff, | Case No. 1:13-cv-126 |
| vs | Dlott, J.<br>Bowman, M.J. |
| WARREN CORRECTIONAL<br>INSTITUTION, et al.,<br>　　　Defendants. | **REPORT AND<br>RECOMMENDATION** |

　　　Plaintiff is a prisoner at the Warren Correctional Institution in Lebanon, Ohio.  On February 25, 2013, the undersigned issued a Deficiency Order requiring plaintiff to either pay the full $350 filing fee or submit an *in forma pauperis* application, "which includes a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period completed and signed by the prison cashier," within thirty (30) days.  (Doc. 2). The Court's records reflect that plaintiff was served with the Deficiency Order on February 27, 2013.  (*See* Doc. 3).

　　　To date, over thirty days after the Deficiency Order was issued, plaintiff has yet to comply with that order.  Plaintiff has not paid the filing fee or submitted an *in forma pauperis* application, which includes the requisite "certificate" portion completed and signed by the prison cashier.

　　　District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  *See also Jourdan v. Jabe*, 951

F.2d 108, 109 (6th Cir. 1991).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  See Fed. R. Civ. P. 41(b).  Accordingly, dismissal is appropriate.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

/s/  Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERRY L. MCGLONE, II,                       Case No. 1:13-cv-126
    Plaintiff,

    vs                                                    Dlott, J.
                                                     Bowman, M.J.

WARREN CORRECTIONAL INSTITUTION,
et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

3