IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jerry L. McGlone II, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0347 |
| v. | : | Judge Frost |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff Jerry L. McGlone II, an inmate at the Warren Correctional Institution, filed this prisoner civil rights action under 42 U.S.C. §1983 in the Western Division of the Southern District of Ohio. On April 12, 2013, Magistrate Judge Stephannie Bowman transferred those claims pleaded in the complaint against defendants residing in the Eastern Division of the Southern District of Ohio to this Court. (Doc. 10.) This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of those claims in the complaint against defendants residing in the Southern District of Ohio pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cog-

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

nizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint names as defendants the Ohio Department of Rehabilitation and Correction, the Ross Correctional Institution, Lt. Lumberger, C. O. Mitchell, the Ross Correctional Camp, Dr. Tedrick, and the Oakwood Mental Hospital, Lima, Ohio. The complaint alleges that McGlone was poisoned by jimson seeds at the Ross Correctional Camp, almost killing him and causing him to become mentally ill. It also alleges that on August 16, 2010, McGlone was given Lithium, Buspar, and a pain killer at the Ross Correctional Institution, causing him to have a heart attack. Since then he has suffered

---

>   (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.
>
>   (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

from high blood pressure and mental conditions. There are no allegations in the complaint about what the individual defendants did to deprive McGlone of a constitutional right.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

The complaint fails to give the individual defendants fair notice of the claims against them. It contains no allegations of what they did to violate McGlone's constitutional rights. Further, it does not indicate when they acted to deprive him of a constitutional right. The only date pleaded in the complaint, August 16, 2010, was more than two years before the complaint was filed. There is a two year statute of limitations for claims under 42 U.S.C. § 1983. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(*en banc*).

Section 1983 creates a cause of action against "persons" who acted to deprive the plaintiff of a constitutional right. Defendants the Ohio Department of Rehabilitation and

3

Correction, the Ross Correctional Institution, the Ross Correctional Camp, and the Oakwood Mental Hospital, Lima, Ohio are not "persons" within the meaning of 42 U.S.C. § 1983.  Further, all but the Ohio Department of Rehabilitation and Correction are not even legal entities capable of suing and being sued. The Ohio Department of Rehabilitation and Correction is a state entity entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States. *Will v. Michigan Department of State Police,* 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Department of Rehabilitation and Correction,* 713 F.2d 1229, 1232 (6th Cir. 1983).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R.

Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                          s/Mark R. Abel
                                          United States Magistrate Judge